## May v. Runyon.

Oct. 14, 1941.

L. J. May for appellant.

F. M. Burke and J. E. Sanders for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appellant L. J. May contests the nomination of J. A. Runyon as Democratic candidate for County Attorney of Pike County. The votes certified were 2,891 and 6,351, respectively. The circuit court dismissed the petition. We consider only the record specifically claimed in appellant's brief as establishing the violation of the Corrupt Practice Act, Kentucky Statutes, Section 1565b-1 et seq., by his opponent.

The contestee reported having spent $953.22 in his campaign. Candidates for nomination for this office are limited to $1,000. Section 1565b-16, Statutes. The contestant submits that he proved his opponent failed to report other expenditures, which added to the sum reported proves that he spent more than the limit; hence, that he violated the law. One of these items is of $40 paid for whisky. A witness, whose testimony is not impressive, related that shortly after midnight of Friday just before the election he saw two cases of whisky brought out of Azarh's liquor store and put in Runyon's automobile. He did not see him buy it. The current price of liquor was $20 a case. Runyon emphatically denied buying the liquor or having it put in his car. Azarh testified that he had not sold any whisky to Runyon but had sold four cases to Clyde Murphy Friday afternoon, and he, Murphy, had paid for it. That night while Runyon was nearby talking to a group of men two cases of this sale were taken out and put in somebody's car, but Azarh did not know whose it was. Murphy corroborated Azarh as to the purchase of the liquor except that he stated he bought six cases instead of four. He testified that he got two cases of this purchase about 8 o'clock that night and two cases the next day between daylight and noon. He was interested in a candidate for another office and had no relation or connection with Runyon or his campaign.

Another claimed omission was that Runyon reported having spent $247 for advertising, whereas he had spent $316.10. A local publisher and printer testified that he had charged $163.60 to Runyon's account and had been paid in cash $152.50 by him for advertising. The charge account was proved to be erroneous as charging $20 each for two insertions of an advertisement in a newspaper instead of $10 each, and as embracing a charge for reprinting a number of defective cards for which no charge was due; also some miscellaneous office supplies bought two weeks after the election.

There is some testimony to the effect that Runyon spent more than $37.34 at a garage, but the amounts omitted from the election expense account were shown to have had no relation to the campaign.

We do not consider the charge of an expenditure in excess of $1,000 to have been proved.

Appellant concedes to be "scant" the evidence proving the appellee had promised members of the United Mine Workers' Union that if elected he would not permit them to be indicted for conspiracy. We do not regard the evidence as being even "scant." The only witness on the point was that Runyon had said something in a speech about picketing and that he did not believe in indicting a man for that.

Contestant undertook to prove that contestee had entered into a conspiracy with certain operators of gambling devices and slot machines in the county to give them immunity from prosecution in return for their support. About all that was shown was that there were a number of places in the county in which slot machines were being operated—some with Runyon's knowledge—and that some of the men and women enjoying that present immunity supported him in his candidacy. Runyon denied knowing anything about any gambling devices in the county and that he had made any such commitments. A number of other witnesses called by the appellant denied any promise or agreement of that kind. The appellant would have us infer from the character of this support and the enjoyment of present immunity from prosecution that his allegations were proved. The testimony affords a suspicion but it is not enough to afford a judicial inference of criminality or of a violation of the law

728

against improper and illegal practices. Suspicious circumstances do not of themselves constitute proof. Hogg v. Combs, 250 Ky. 400, 63 S. W. (2d) 465.

There is some evidence about contestee hiring certain witnesses to work for him. Again the court would have to resort to an inference from conditions which in themselves are of no more probative value than the evidence relating to the promise of immunity to the operators of slot machines. We have considered all this testimony and find it insufficient to establish a violation of the law by the contestee. Phillips v. Langford, 250 Ky. 578, 63 S. W. (2d) 782.

Judgment affirmed.

Judge Ratliff not sitting.